UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>            Plaintiff,<br><br>      vs.<br><br>P. PATTERSON, et al.,<br><br>            Defendants. | 1:10-cv-01700-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 39.)<br><br>THIRTY DAY DEADLINE TO FILE MOTION FOR LEAVE TO AMEND, AS INSTRUCTED BY THIS ORDER |

**I.     BACKGROUND**

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint filed on May 31, 2013, against defendant C/O Patterson for use of excessive force; against defendants C/O Patterson and Sgt. Molina for retaliation; and against defendants Sgt. Molina and Lt. Finley for failure to comply with state law.  (Doc. 16.)

On June 10, 2014, the court issued a scheduling order in this action establishing pretrial deadlines for the parties, including a deadline of February 10, 2015 for the completion of discovery.  (Doc. 31.)  Thus, this case is presently in the discovery phase.

On September 10, 2014, Defendants filed a motion for partial summary judgment, which is pending.  (Doc. 35.)

1

On November 3, 2014, Plaintiff filed a motion for re-screening of the First Amended Complaint. (Doc. 39.) The court construes this motion as a motion for reconsideration of the court's screening order of February 5, 2014. Plaintiff's motion for reconsideration is now before the court.

## II.    MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III.    DISCUSSION

Plaintiff requests the court to reconsider its findings in the screening order of February 5, 2014. Plaintiff argues that the court failed to recognize all of his claims for retaliation and

found a state law claim that he did not intend to bring. Plaintiff asserts that when he agreed to proceed on the claims found cognizable by the court, he was being treated with Morphine, Lisinopril, Amlodipine, and Metoprolol Tartrate, medications which have many side effects.

Plaintiff appears to argue that he misinterpreted the court's screening order because he was under the influence of medications on or about February 18, 2014, when he notified the court he was willing to proceed with the claims found cognizable by the court. As evidence, Plaintiff has submitted copies of documents dated July 15, 2014, instructing Plaintiff about the effects of taking Morphine Sulfate Oral tablets, Lisinopril Oral tablets, Metoprolol Tartrate Oral tablets, and Amlodipine Besylate Oral tablets. (Exhibits, Doc. 39 at 13-24.) These documents do not support Plaintiff's assertion that he was taking morphine on February 18, 2014. Moreover, Plaintiff has not described what effects he experienced from the medications that clouded his judgment. Further, Plaintiff has not explained why he waited eight months to bring a motion for reconsideration, why he notified the court again on March 10, 2014, of his willingness to proceed, or why he submitted documents on April 4, 2014 to proceed with service, if he disagreed with the court's screening order. The court finds that Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the court's screening order, his remedy is to file a motion for leave to amend, requesting leave to file a Second Amended Complaint, or file a motion to dismiss the claims he did not intend to bring. Plaintiff shall be granted thirty days in which to file a motion for leave to amend, if he so wishes. The motion for leave to amend must be accompanied by Plaintiff's proposed Second Amended Complaint, for the court's review. The proposed Second Amended Complaint must clearly and succinctly state the allegations and claims upon which Plaintiff wishes to proceed. Plaintiff is advised that courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). If Plaintiff does not file a motion for leave to amend within thirty days,

this case shall proceed with the First Amended Complaint on the claims found cognizable by the court in the screening order.

**IV.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on November 3, 2014, is DENIED;
2. Plaintiff is granted thirty days from the date of service of this order to file a motion for leave to amend, as instructed by this order, if he so wishes; and
3. If Plaintiff does not file a motion for leave to amend within thirty days pursuant to this order, this case shall proceed with the First Amended Complaint on the claims found cognizable by the court in the screening order of February 5, 2014.

IT IS SO ORDERED.

Dated:   **November 5, 2014**                          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE