UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>    Plaintiff,<br><br>    vs.<br><br>P. PATTERSON, et al.,<br><br>    Defendants. | 1:10-cv-01700-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIMS PURSUANT TO RULE 41<br>(Doc. 48.)<br><br>ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS MOLINA AND FINLEY FROM THIS ACTION, WITH PREJUDICE<br><br>ORDER DISMISSING PLAINTIFF'S RETALIATION CLAIMS AGAINST DEFENDANTS PATTERSON AND MOLINA, WITH PREJUDICE<br><br>ORDER DISMISSING DEFENDANTS FINLEY AND MOLINA FROM THIS ACTION<br><br>ORDER FOR THIS ACTION TO PROCEED ONLY AGAINST DEFENDANT PATTERSON FOR USE OF EXCESSIVE FORCE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS MOOT<br>(Doc. 42.) |

**I.    BACKGROUND**

    Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First

Amended Complaint filed on May 31, 2013, against defendant Correctional Officer (C/O) Patterson for use of excessive force; against defendants C/O Patterson and Sergeant Molina for retaliation; and against defendants Sergeant Molina and Lieutenant Finley for failure to comply with state law (collectively, "Defendants").[1]  (Doc. 16.)

On November 26, 2014, Plaintiff filed a motion for leave to amend the complaint, and lodged a proposed Second Amended Complaint.  (Docs. 42-44.)  On December 16, 2014, Defendants filed an opposition to the motion.  (Doc. 45.)

On January 29, 2015, Plaintiff filed a notice of voluntary dismissal of certain claims pursuant to Rule 41(a).  (Doc. 48.)  On February 10, 2015, Defendants filed a notice of non-opposition to Plaintiff's notice of voluntary dismissal.  (Doc. 50.)

Now before the court are Plaintiff's motion for leave to amend and Plaintiff's notice of voluntary dismissal.

## II.    PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL – RULE 41

Plaintiff seeks to voluntarily dismiss his retaliation claims against defendants Patterson and Molina, and his state law claims against defendants Molina and Finley, under Rule 41(a), with prejudice.  (Id.)  The court construes Plaintiff's notice as a motion to dismiss under Rule 41(a)(1).  Under Rule 41 of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action [against a defendant] without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  In this case, Defendants filed an answer to the complaint on June 9, 2014, and a motion for summary judgment on September 10, 2014.  (Docs. 30, 35.)  Plaintiff's motion and Defendants' written consent act as a stipulation of dismissal signed by all parties who have appeared.  Therefore, Plaintiff's motion to dismiss his retaliation claims against defendants Patterson and Molina and his state-law claims against defendants Molina and Finley, with prejudice, shall be granted.  In addition, in light of the fact that this ruling shall dismiss all of Plaintiff's claims against them,

---

[1] On March 12, 2014, the court issued an order dismissing all other claims and defendants from this action for failure to state a claim.  (Doc. 25.)

defendants Finley and Molina shall be dismissed from this action.  As a result, this action shall proceed only against defendant Patterson for excessive force in violation of the Eighth Amendment.

### III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND -- RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  Because Plaintiff has already amended the complaint once, and he does not have Defendants' consent to amend, Plaintiff requires leave of court to file a Second Amended Complaint.

#### A. Plaintiff's Motion

Plaintiff seeks to amend the complaint to "exclude Sergeant Molina and Lieutenant Finley and any claims connecting them from this lawsuit." (Motion at 7 ¶8.)  Plaintiff also seeks to add a claim for retaliation against defendant C/O Patterson for putting a waist-chain cuff on Plaintiff extremely tight after Plaintiff told Patterson he was filing staff complaints against Patterson and Finley.  (Proposed Second Amended Compl., Doc 44 at 5 ¶25.)

#### B. Defendants' Opposition

Defendants do not oppose Plaintiff's request to drop his claims against defendants Molina and Finley.  However, they oppose Plaintiff's request to add a retaliation claim against defendant Patterson, on the grounds it is brought in bad faith, will prejudice defendant

Patterson, and is futile. Defendants claim that, as briefed in their summary judgment motion of September 10, 2014, Plaintiff did not administratively exhaust any retaliation claims against defendant Patterson, and if Plaintiff is allowed to add the retaliation claim, defendant Patterson will be forced to expend funds and prepare another, identical, summary-judgment motion regarding the "bar box" claims and the retaliation claims.[2] Defendants argue that Plaintiff's amendment would serve to prejudice defendant Patterson because granting his pending summary judgment motion would result in the case proceeding in the same position as if Plaintiff were granted leave to amend and defendant filed a second identical summary judgment motion. Defendants argue that it is highly prejudicial for Plaintiff to circumvent and defeat partial summary judgment by amending his claims. Defendants also argue that it would be futile to allow Plaintiff to add a retaliation claim against defendant Patterson, because Plaintiff did not exhaust any retaliation claims against defendant Patterson.

### C.   Discussion

In light of the fact that Plaintiff's retaliation claims against defendants Patterson and Molina and his state law claims against defendants Molina and Finley, shall be dismissed by this order, with prejudice, via Plaintiff's notice of voluntary dismissal, Plaintiff's motion for leave to amend the complaint, which was filed before the notice of voluntary dismissal, is moot and shall be denied as such.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to dismiss, filed on January 29, 2015, is GRANTED;

///

---

[2] On September 10, 2014, Defendants filed a motion for partial summary judgment, on the grounds that Plaintiff failed to exhaust his available administrative remedies for certain claims. (Doc. 35.) Defendants argue that Plaintiff only exhausted his remedies concerning his excessive force claim against C/O Patterson for applying a handcuff on Plaintiff's right wrist too tightly, and that Plaintiff did not exhaust his remedies concerning his excessive force claim against C/O Patterson for slamming him into a "bar box." (Motion, Doc. 35-3 at 2:4.) Defendants also argue that Plaintiff failed to exhaust his remedies for his retaliation claims against C/O Patterson and Sergeant Molina, and failed to comply with the Government Claims Act for his state law claims against Sergeant Molina and Lieutenant Finley. Defendants' motion for partial summary judgment is pending.

2. Plaintiff's state law claims against defendants Molina and Finley, and retaliation claims against defendants Patterson and Molina are DISMISSED from this action under Rule 41, with prejudice;

3. Defendants Finley and Molina are DISMISSED from this action, based on the dismissal of all of Plaintiff's claims against them;

4. The Clerk is DIRECTED to reflect the dismissal of defendants Finley and Molina from this action on the court's docket;

5. Plaintiff's motion for leave to amend the complaint, filed on November 26, 2014, is DENIED as moot; and

6. This action now proceeds on Plaintiff's First Amended Complaint, only against defendant C/O Patterson for use of excessive force in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated:   **February 12, 2015**          **/s/ Lawrence J. O'Neill**
                                                             UNITED STATES DISTRICT JUDGE