UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>          Plaintiff,<br><br>     vs.<br><br>P. PATTERSON, et al.,<br><br>          Defendants. | 1:10-cv-01700-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(Doc. 55.) |

**I.     BACKGROUND**

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint filed on May 31, 2013, against defendant Correctional Officer (C/O) Patterson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 16.)

---

[1] On March 12, 2014, the court issued an order dismissing defendant Borges from this action for failure to state a claim.  (Doc. 25.)  On February 12, 2015, the court issued an order granting Plaintiff's motion to dismiss under Rule 41, dismissing Plaintiff's state law claims against defendants Finley and Molina and retaliation claims against defendants Patterson and Molina from this action, with prejudice, and dismissing defendants Finley and Molina from this action.  (Doc. 51.)  As a result of these orders, Plaintiff's case now proceeds only against defendant Patterson for use of excessive force.

On September 10, 2014, Defendants filed a motion for partial summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies for certain claims. (Doc. 35.) Plaintiff has not filed an opposition.[2]

On March 9, 2015, Plaintiff filed a request for judicial notice. (Doc. 55.)

## II.     REQUEST FOR JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of his deposition taken by defense counsel on February 9, 2015. Plaintiff has not shown good cause for the court to take judicial notice of this document. To the extent that Plaintiff intends to submit the document as evidence in support of his complaint, the court cannot serve as a repository for the parties' evidence. At this stage of the proceedings, this document is not at issue.[3] Therefore, the court finds no good cause to take judicial notice of the document submitted by Plaintiff.

///

///

---

[2] Plaintiff's motion for a ninety-day extension of time, to conduct further discovery before filing his opposition, is pending. (Doc. 52.)

[3] Plaintiff is not precluded from submitting this evidence at a later stage of the proceedings, when the course of the litigation brings the evidence into question.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on March 9, 2015, is DENIED.

IT IS SO ORDERED.

Dated: __**March 10, 2015**__        __/s/ Gary S. Austin__
                                         UNITED STATES MAGISTRATE JUDGE