# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>      Plaintiff,<br><br>    vs.<br><br>P. PATTERSON, et al.,<br><br>      Defendants. | 1:10-cv-01700-LJO-GSA-PC<br><br>ORDER GRANTING REQUEST TO MODIFY SCHEDULING ORDER<br>(Doc. 59.)<br><br>ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION<br><br><br>**New Dispositive Motions Deadline:   08/07/15** |

## I.   BACKGROUND

Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 17, 2010. (Doc. 1.) This action now proceeds with the First Amended Complaint filed on May 31, 2013, against defendant Correctional Officer P. Patterson ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 16.)

---

[1] On February 12, 2015, the court dismissed Plaintiff's state law claims against defendants Molina and Finley and retaliation claims against defendants Patterson and Molina, on Plaintiff's Rule 41 motion to dismiss. (Doc. 51.) The court also dismissed defendants Molina and Finley from this action, based on the dismissal of all of the claims against them. (Id.) Previously, on March 12, 2014, the Court dismissed all other claims and defendants from this action, under Rule 18(a) or for Plaintiff's failure to state a claim. (Doc. 24.)

On June 10, 2014, the court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of April 20, 2015 to file pretrial dispositive motions. (Doc. 31.) On March 25, 2015, Defendant filed a request to vacate or modify the dispositive motions deadline. (Doc. 59.)

## II.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Defendant argues that good cause exists to vacate or modify the dispositive motions deadline because Plaintiff still has not opposed Defendant's exhaustion summary judgment motion filed over six months ago on September 10, 2014. Defendant asserts that the motion may dispose of one of Plaintiff's claims, but without knowing the outcome, Defendant is unable to discern whether it must be addressed in a dispositive motion on the merits. Defendant argues that he has been diligent in completing discovery and seeking this modification well in advance of the April 20, 2015 deadline. Defendant also argues that modifying the deadline will not significantly impair the progress of this case or unfairly prejudice Plaintiff.

The court finds good cause to extend the dispositive motions deadline in this action until August 7, 2015. Thus, good cause appearing, Defendant's motion to modify the Scheduling Order shall be granted.

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's request to modify the Court's Scheduling Order, filed on June 10, 2014, is GRANTED;
2. The deadline for filing and serving pretrial dispositive motions is extended from April 20, 2015 to **August 7, 2015** for all parties to this action; and
4. All other provisions of the court's June 10, 2014 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                         **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE