UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | 1:10-cv-01700-LJO-EPG-PC |
| Plaintiff, | ORDER GRANTING DEFENDANT PATTERSON'S MOTION FOR STAY (ECF No. 102.) |
| vs. | |
| P. PATTERSON, et al., | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT PATTERSON'S MOTION FOR AN ORDER REQUIRING SECURITY FROM A VEXATIOUS LITIGANT BE GRANTED (ECF No. 68.) |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

I.     **BACKGROUND**

Kevin E. Fields ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint, filed on May 31, 2013, against defendant P. Patterson ("Defendant") for use of excessive force in violation of the Eighth Amendment, for applying Plaintiff's handcuffs too tight.  (ECF No. 16.)[1]

---

[1] On February 12, 2015, the Court dismissed Plaintiff's state law claims against defendants Molina and Finley and retaliation claims against defendants Patterson and Molina, on Plaintiff's Rule 41 motion to dismiss. (ECF No. 51.) The Court also dismissed defendants Molina and Finley from this action, based on the dismissal of all of the claims against them.  (Id.) On August 3, 2015, the Court issued an order granting defendant

On August 13, 2015, Defendant filed a motion for an order requiring security from a vexatious litigant.  (ECF No. 68.)  On January 25, 2016, Plaintiff filed an opposition to the motion.  (ECF No. 96.)  On February 2, 2016, Defendant filed a reply to the opposition and a request for a temporary stay of the proceedings in this action, pending disposition of Defendant's motion.  (ECF Nos. 101, 102.)

Defendant's motions for stay and for an order requiring security are now before the Court.

## II.     DEFENDANT'S MOTION FOR STAY

Defendant requests a stay of his obligation to reply to Plaintiff's opposition to summary judgment filed on January 25, 2016, pending resolution of the motion for an order requiring security from vexatious litigant.  Defendant argues that under Local Rule 151, which adopted section 391.6 of the California Code of Civil Procedure section 391.6, this action was automatically stayed when Defendant's motion for security was filed on August 13, 2015.

Under Local Rule 151(b), this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure relating to vexatious litigants . . . as a procedural rule of this Court on the basis of which the Court may order the giving of a security, . . although the power of the Court shall not be limited thereby."  L.R. 151(b).  Section 391.6 of California Civil Procedure Part 2, Title 3a, provides, with exception inapplicable here, that "when a motion pursuant to section 391.1 [Motion for order requiring security] is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof."  Cal. Civ. Proc. Code § 391.6.

///

---

Patterson's motion for partial summary judgment for failure to exhaust, dismissing Plaintiff's claim against defendant Patterson for slamming Plaintiff into a "bar box," with prejudice.  (ECF No. 64.)  Previously, on March 12, 2014, the Court dismissed all other claims and defendants from this action, under Rule 18(a) or for Plaintiff's failure to state a claim. (ECF No. 25.)  Therefore, Plaintiff's only remaining claim, upon which this action now proceeds, is against defendant Patterson for use of excessive force for applying Plaintiff's handcuffs too tight.

Here, Defendant filed a motion for summary judgment on August 7, 2015. (ECF No. 67.) On August 13, 2015, Defendant filed a motion for security. (ECF No. 68.) Therefore, under § 391.6, applicable pursuant to Local Rule 151(b), Defendant's motion for security automatically stayed the litigation. Accordingly, Defendant's motion for stay of his obligation to reply to Plaintiff's opposition to summary judgment shall be granted.

## III. MOTION FOR AN ORDER REQUIRING SECURITY FROM A VEXATIOUS LITIGANT

### A. Legal Standards

Under Local Rule 151(b) (Security for Costs), this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants . . . as a procedural rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby." L.R. 151(b). Section 391.1 of Title 3A, part 2, provides:

> ". . . a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant."

Cal. Civ. Proc. Code § 391.1.

Under California law, a "vexatious litigant" is a person who does any of the following:

(1)     In the immediately preceding seven-year period has commenced, prosecuted, or maintained *in propria persona* at least five litigations other than in small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(2)     After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, *in propria persona*, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3)     In any litigation while acting *in propria persona*, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

(4)     Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Civ. Proc. Code § 391.

This Court looks to federal law for the definition of vexatiousness. Under federal law, the criteria under which a litigant may be found vexatious is narrower and more stringent than under state law. Litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The focus is on the number of suits that were *frivolous or harassing* in nature rather than on the number of suits that were simply adversely decided. See De Long v. Henessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (emphasis added) (before a district court issues a pre-filing injunction against a *pro se* litigant, it is incumbent on the Court to make substantive findings as to the frivolous or harassing nature of the litigant's actions). The Ninth Circuit has defined vexatious litigation as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

## B.   **Defendant's Position**

Defendant argues that Plaintiff qualifies as a vexatious litigant because he was declared a vexatious litigant by the Kings County Superior Court and has commenced, prosecuted, or maintained *pro se* more than five unsuccessful actions in the last seven years. In support, Defendant has identified the following twenty-three unsuccessful cases.[2]

---

[2] Defendant has filed requests for the Court to take judicial notice of Court dockets, pleadings, orders in other cases brought by Plaintiff, PACER printouts, and the California Judicial Council's vexatious litigant list, and Defendant has submitted documents for judicial notice, as exhibits to the requests. (ECF Nos. 68-2, 99.) Plaintiff has not opposed Defendant's requests. Under Rule 201 of the Federal Rules of Evidence, a Court may take judicial notice of "a fact that (1) is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The court may take judicial notice of its own records in other cases, as well as records of an inferior court in other cases," U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980), records of state agencies and other undisputed matters of public record, Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004), and undisputed information on a

1. **Fields v. Rosenthal, et al. (Request of Judicial Notice, ECF No. 68-2 (RJN), Ex. A.), U.S. District Court, Eastern District of California, Case No. 1:10-cv-01764- AWI-GSA**

   This case was removed from Kings County Superior Court on September 23, 2010. Defendant sought summary-judgment on January 17, 2014. Seven months and four extensions of time later, the Magistrate Judge issued findings and recommendations to dismiss the case based on Fields' failure to prosecute. Facing judgment, Fields then moved for voluntary dismissal and the case was closed. The case had gone on for four years, discovery had closed, and defendant's summary-judgment lingered for seven months before Fields abandoned his claims. (Request for Judicial Notice ("RJN") Ex. A.)

2. **Fields v. Masiel, et al. (RJN Ex. B.), U.S. District Court, Eastern District of California, Case No. 1:10-cv-01699- AWI-BAM**

   Fields filed this case on September 17, 2010. Defendants brought a motion to compel discovery responses and for sanctions. Fields had gone almost a year without responding fully to defendants' discovery requests. He claimed his cell had been searched and legal materials removed. Defendants responded and showed Fields' accusations were unsupported. Fields then sought two extensions of time to file a reply to defendants' response and then voluntarily dismissed his case. The Court closed the matter on October 1, 2014.

3. **Fields v. Davis, et al. (RJN Ex. C.), U.S. District Court, Eastern District of California, Case No. 1:12-cv-00384- GSA**

   Fields filed suit against fifteen defendants on March 12, 2012. The Court screened the complaint, identified Fields' claims were time-barred under the statute of limitations, and ordered Fields to show cause why the action should proceed. Fields sought two extensions of time to respond to the Court's order before abandoning his claims and seeking voluntary dismissal. The Court closed the case on September 15, 2014, after the time-barred action had occupied this Court's docket for two-and-a-half years.

4. **Fields v. Davis, et al. (RJN Ex. D.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-1733- AWI-MJS**

   Fields filed this case on October 2, 2009. The parties filed cross-motions for summary judgment. The Magistrate Judge issued Findings and Recommendations to deny Fields' summary-judgment motion and grant defendants' cross-motion for summary judgment. Fields sought six extensions of time to file objections to the Findings and Recommendations. The Magistrate Judge denied the sixth request and the Court adopted the Findings and Recommendations in full. The Court entered Judgment and closed the case on August 22, 2014.

///

government website, see Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999-00 (9th Cir. 2010). The Court finds Defendant's records to be appropriate for judicial notice. Therefore, Defendant's requests for judicial notice are granted.

**5.**     **Fields v. Vogel, et al. (RJN Ex. E.), U.S. District Court, Eastern District of California, Case No. 1:10-cv-01701- AWI-BAM**

Fields filed this case on September 17, 2010.  Defendant sought summary judgment.  The Court struck unsigned documents Fields filed in opposition to defendant's motion and granted defendant's motion, finding that Fields sued the wrong person, and that the defendant took no adverse action against him. Judgment entered and the case closed on March 25, 2014.  Fields unsuccessfully attempted to set aside the judgment.

**6.**     **Fields v. Roberts, et al. (RJN Ex. F.), U.S. District Court, Eastern District of California, Case No. 1:06-cv-00407- AWI-GSA**

Fields filed this case on April 10, 2006.  Defendants answered, discovery opened, and defendants prevailed with a motion to dismiss on exhaustion grounds.  The Court entered judgment for defendants and closed the case on March 14, 2014.  More than a year later, Fields unsuccessfully attempted to appeal the judgment.  See Fields v. Roberts, et al., No. 15-16296 (9th Cir.) (RJN Ex. G, discussed below.)

**7.**     **Fields v. Roberts, et al. (RJN Ex. G.), U.S. Court of Appeal, Ninth Circuit, Case No. 15-16296**

Fields' appeal was docketed on June 29, 2015.  A month later, on July 30, 2015, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because Fields had waited to appeal for more than a year after the District Court entered judgment.

**8.**     **Fields v. Junious, et al. (RJN Ex. H.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-01771- DLB**

Fields filed suit against eleven defendants on October 8, 2009.  One of the eleven defendants was Sergeant E. Molina, who was a defendant in this instant case.  When defendants moved for summary judgment, Fields voluntarily dismissed two defendants.  The Court granted the summary-judgment motion in part and denied it in part.  The parties proceeded to trial and the jury returned a verdict for defendants.  Judgment was entered on August 9, 2013. Fields appealed and the matter is pending.[3]  See Fields v. Tucker, et al., No. 13-16659 (9th Cir.)

**9.**     **Fields v. Velasco, et al. (RJN Ex. I.), U.S. District Court, Eastern District of California, Case No. 1:07-cv-01213- AWI-JLT**

Fields filed this case on August 21, 2007.  The Court granted defendants' motion to compel against Fields because of his failure to provide discovery.  The court also granted defendants' motion for summary judgment.  Judgment was entered and the case closed on September 21, 2012.

---

[3] Defendant's supplemental request for judicial notice, filed on January 27, 2016, informed the Court that Plaintiff's appeal of 1:09-cv-01771-DLB, discussed above at (8.), ended adversely against Plaintiff on January 21, 2016, after Defendant had filed the motion for an order requiring security on August 14, 2015.  (ECF No. 99.)  The Court takes judicial notice of this case.

10.     <u>**Fields v. Banuelos**</u> **(RJN Ex. J.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-01868- SKO**

Fields filed this case on October 23, 2009.  The Court granted defendant's motion for summary judgment on September 17, 2012 and closed the case the same day.  Fields appealed.  <u>See</u> <u>Fields v. Banuelos</u>, No. 12-17170 (9th Cir.), next.

11.     <u>**Fields v. Banuelos**</u> **(RJN Ex. K.), U.S. Court of Appeals, Ninth Circuit, Case No. 12-17170**

This appeal was opened on September 27, 2012.  After initiating his appeal, Fields sought extra time to file his opening brief, which was granted.  Five months later, Fields voluntarily dismissed the appeal.  The case closed on February 13, 2013.

12.     <u>**Fields v. Junious, et al.**</u> **(RJN Ex. L.), U.S. District Court, Eastern District of California, Case No. 1:11-cv-00669- LJO-SKO**

This case was removed from Kings County Superior Court on April 26, 2011.  After filing two amended complaints, the Magistrate Judge issued Findings and Recommendations to dismiss the action with prejudice for failure to state a claim.  The Magistrate Judge commented in a footnote that "Plaintiff is not unversed as a litigator of civil rights and habeas actions, having pursued twenty such actions in this district."  Fields sought two extensions of time to object to the Findings and Recommendations, after which he filed a statement of non-opposition.  The Court adopted the Findings and Recommendations, entered judgment, taxed Fields with $654.00 in costs, and closed the case on September 27, 2012.

13.     <u>**Fields v. Adams, et al.**</u> **(RJN Ex. M.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-01770- MJS**

Fields sued ten defendants on October 8, 2009.  The Court screened Fields' complaint and permitted him an opportunity to amend.  Fields filed a first amended complaint, which the Court dismissed with prejudice for failure to state a claim against any defendant.  The Court entered judgment on September 12, 2011.  This case is considered a strike under 28 U.S.C. § 1915(g).  Fields unsuccessfully appealed.  <u>See</u> <u>Fields v. Adams</u>, No. 11-17230 (9th Cir.), next.

14.     <u>**Fields v. Adams**</u> **(RJN Ex. N.), U.S. Court of Appeal, Ninth Circuit, Case No. 11-17230**

The Ninth Circuit *sua sponte* determined the questions on appeal were so insubstantial as not to require further argument, and summarily affirmed the district court's judgment.  The mandate issued on January 3, 2012.  Fields did not seek further review.  This appeal is considered a strike under 28 U.S.C. § 1915(g).

///

///

///

///

15. **Fields v. Lopez, et al.** (RJN Ex. O.), U.S. District Court, Eastern District of California, Case No. 1:11-cv-00864- OWW-DLB

This case was removed from Kings County Superior Court on May 25, 2011. Defendants moved to dismiss and Fields never filed an opposition, abandoned his case, and voluntarily dismissed the lawsuit. The case closed on August 17, 2011.

16. **Fields v. Tilton, et al.** (RJN Ex. P.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-01406- OWW-GSA

Fields sued the Governor of California and Secretary of CDCR on August 3, 2009. The Court screened Fields' complaint and dismissed it for failure to state a claim. Fields filed an amended complaint naming additional defendants, which the Court screened, dismissing many of the defendants. Fields sought an extension of time to object to the screening order, and then voluntarily dismissed his case. The Court closed the case on June 7, 2011.

17. **Fields v. Hubbard, et al.** (RJN Ex. Q.), U.S. District Court, Eastern District of California, Case No. 1:09-cv-01354- LJO-GBC

Fields sued ten defendants on August 3, 2009, including Lieutenant Finley, who was a named defendant in this action. Fields sought to disqualify Magistrate Judge Beck, because he wanted to call Judge Beck and a Deputy Attorney General as witnesses. The District Judge dismissed the case for Fields' failure to obey Court orders regarding filing fees. Fields moved for relief from the judgment and filed an amended complaint before voluntarily dismissing his case on May 31, 2011.

18. **Fields v. Rangel, et al.** (RJN Ex. R.), California Superior Court, Kings County, Case No. 10C0165

Fields filed this case on April 15, 2010. Defendants filed a successful motion for summary judgment. The Court entered judgment for defendants on August 11, 2011. Fields unsuccessfully appealed. See Fields v. Rangel, et al., No. F063822 (Cal. App., 5th Dist.) (RJN Ex. S, discussed below.)

19. **Fields v. Rangel, et al.** (RJN Ex. S.), California Court of Appeal, Fifth District, Case No. F063822

Fields initiated this appeal on December 8, 2011. The Court of Appeal dismissed the matter because Fields failed to file an opening brief. Remittitur issued and the case was marked completed on July 25, 2012.

20. **Fields v. Vogel, et al.** (RJN Ex. T.), California Superior Court, Kings County, Case No. 11CV1073

Fields initiated this lawsuit on August 4, 2011. Defendants demurred and Fields filed an amended complaint. Defendants filed a second demurrer. Fields then requested voluntary dismissal on May 1, 2012.

///
///
///

**21.**   **Fields v. Gipson, et al. (RJN Ex. U.), California Superior Court, Kings County, Case No. 13C0049**

Fields sued thirty-three defendants on January 23, 2013. Defendants successfully moved for an order declaring Fields a vexatious litigant, requiring him to post security, and entering a pre-filing order. The case was dismissed for Fields' failure to post security on October 16, 2013. California's Administrative Office of the Courts lists this case as one of three prefiling orders entered against Fields.

**22.**   **Fields v. Cavazos, et al. (RJN Ex. V.), California Superior Court, Kings County, Case No. 13C0090**

Fields initiated this lawsuit on February 2, 2013. Defendants successfully moved for an order declaring Fields a vexatious litigant, requiring him to post security, and entering a pre-filing order. The Superior Court dismissed the case on January 7, 2014, after Fields failed to post security. California's Administrative Office of the Courts lists this case as the second of three prefiling orders entered against Plaintiff.

**23.**   **Fields v. Cavazos, et al. (RJN Ex. W.), California Superior Court, Kings County, Case No. 13C0092**

Fields initiated this lawsuit on February 20, 2013. Defendants successfully moved for an order declaring Fields a vexatious litigant, requiring him to post security, and entering a pre-filing order. The Superior Court dismissed the case on October 16, 2013, after Fields failed to post security. California's Administrative Office of the Courts lists this case as one of three prefiling orders entered against Fields.

Defendant argues that Plaintiff's history of bringing unmeritorious lawsuits and then voluntarily abandoning his claims highlights his harassing and abusive tactics, which Plaintiff has continued in the present case. Defendant asserts that in the present case, Plaintiff caused Lieutenant Finley and Sergeant Molina to incur the time and expense of investigating his claims and filing a motion for summary judgment, and then Plaintiff voluntarily dismissed them. Defendant also asserts that in those cases that Plaintiff has not voluntarily dismissed, he has been unsuccessful every single time. Defendant argues that Plaintiff's litigation tactics therefore qualify as "frivolous or solely intended to cause unnecessary delay," under Cal. Civ. Proc. Code § 391.1(b)(3). Defendant also submits evidence showing that the Kings County Superior Court has declared Plaintiff a vexatious litigant, requiring him to post security and entering prefiling orders in three cases. (RJN Exhs. U, V, W.)

Defendant also argues that Plaintiff lacks a reasonable probability of success on the merits of his handcuffing claim. Defendant argues that there is no evidence that Plaintiff was

injured by Defendant's handcuffing.  Defendant submits the declaration of Registered Nurse C. Marquez, who declares that she reviewed Plaintiff's medical records and found that on September 16, 2009, after Plaintiff alleges that Correctional Officers put handcuffs on him too tight, LVN L. Rivera analyzed Plaintiff's body for injuries and did not document any injuries. (Marquez Decl., ECF No. 68-30.)  Defendant also submits the declaration of B. Barnett, M.D., who reviewed Plaintiff's medical records and offers his professional opinion that Plaintiff's allegations of significant and lasting injury resulting from being handcuffed on September 16, 2009, are unsupported by medical evidence.  (Barnett Decl., ECF No. 68-31 ¶11.)  According to Dr. Barnett, Plaintiff's medical records through June 8, 2012 are not consistent with allegations that he suffered significant or lasting injury from tight handcuffs on September 16, 2009.  (Id. ¶¶12-20.)  Dr. Barnett notes that Plaintiff was able to participate in physical therapy two days after the purported handcuffing injury and was able to successfully complete physical therapy.  (Id. ¶13.)  The physical therapist reported on September 25, 2009 that Plaintiff was doing okay with no impairment in activities of daily living.  (Id.)  Also, an x-ray of Plaintiff's right wrist and hand in December 2009 did not show any injury around his wrist, and the radiology report described old fractures of his hand in areas virtually not touched by handcuffs. (Id. ¶15.)  Dr. Barnett asserts that in May 2010, Plaintiff's physician noted that although Plaintiff reported neck pain, he was a happy man, smiling, in no acute distress, able to undress himself and take his shoes and socks off, and did not appear to have any limitation.  (Id. ¶16.) Thus, Defendant argues that the lack of evidence that Plaintiff suffered any injury does not comport with Plaintiff's claim that defendant Patterson used force maliciously and sadistically to cause harm.

Furthermore, Defendant argues that he was using the handcuffs to maintain control of Plaintiff during the escort and did not maliciously and sadistically tighten the handcuffs on Plaintiff wrists.  In his declaration, Defendant asserts that Plaintiff jerked his hands back into a cell, preventing him from double locking the handcuffs.  (Patterson Decl., ECF No. 68-27 ¶14.) Defendant declares that because Plaintiff appeared agitated, he made a split-second decision to continue applying the rest of the waist-chains to prevent Plaintiff from becoming agitated

further.  (Id.)   Plaintiff yelled at Defendant's partner and called her a "f**king bitch."  (Id. ¶¶15-16.)   Defendant states that when Plaintiff first complained his cuffs were too tight, Defendant tried to remove the cuffs but Plaintiff would not let him.  (Id. ¶¶19-20.)   Defendant also reports that Plaintiff yelled and threatened to kill Defendant and Defendant's family.  (Id. ¶¶17, 21.)   Defendant argues that between the generally inherent danger in escorting SHU inmates in a maximum security prison, Plaintiff's verbal threats to Defendant, and the fact that there is no medical evidence to support Plaintiff's injury, there is no reasonable probability that Plaintiff will succeed on the merits of his claim.

Based on Defendant's evidence that Plaintiff is a vexatious litigant and is unlikely to prevail in this case, Defendant requests that Plaintiff be required to post security in the amount of $7,905.00, for attorney's fees incurred by the State of California for preparation of this motion, and if Plaintiff fails to timely post security, that this case be dismissed.

### C.   Plaintiff's Position

Plaintiff does not dispute that he filed twenty-three cases in the past seven years that were finally determined adversely to him and thus make him a vexatious litigant under California law.   However, Plaintiff argues that he should not be required to post security because he has a reasonable chance of prevailing in this action.    Plaintiff's evidence consists of the allegations in his complaint, his own declaration, the declarations of two inmates, and a copy of Plaintiff's medical report dated December 16, 2015.

In the operative complaint, Plaintiff claims that on September 16, 2009, defendant Patterson used excessive force against Plaintiff when he applied Plaintiff's handcuffs too tight. Plaintiff alleges that when Patterson prepared Plaintiff for an escort to Plaintiff's disciplinary hearing, Patterson put the waist-chain cuffs on Plaintiff's right wrist extremely tight.   When Plaintiff told Patterson the cuffs were too tight, Patterson said to "shut the f*** up," then signaled for the control-booth officer to open the cell door.  (Amended Complaint (ACP), ECF No. 16 at 4 ¶16.)   After being removed from the cell, Plaintiff again told Patterson the handcuffs were too tight and asked him to loosen them.  He responded by telling Plaintiff that he "wasn't loosening nothing."  (Id. ¶17.)   Plaintiff and Patterson again exchanged vulgarities.

Plaintiff again asked Patterson to loosen the handcuffs, which had caused Plaintiff's right hand and wrist to swell up so much that it cut into his wrist and caused his hand to go numb. Patterson refused.  After several minutes, Lieutenant Finley [not a defendant] loosened the waist-chain cuffs but did not remove them.

In his declaration dated January 21, 2016, Plaintiff declares that on September 16, 2009, defendant Patterson placed handcuffs on Plaintiff's wrists extremely tightly by squeezing the handcuffs closed until they would not click without force, that Patterson refused to loosen the handcuffs when Plaintiff repeatedly told him they were too tight and cutting off his circulation, and that Plaintiff's hands went numb, his wrists and hands were swollen, his right wrist was bleeding, and his right hand and fingers were a purplish color.  (Plaintiff's Decl., ECF No. 97 ¶¶ 21, 22, 24, 28, 29, 35, 36, 39, 49, 59.)  Plaintiff also declares that his injury was treated with morphine and other painkillers, (Id. ¶63), and to date [01/21/16], he still experiences severe and excruciating pain in his right wrist and numbness in his right hand and fingers.  (Id. ¶65.)

With respect to his conduct during the escort, Plaintiff declares that he did not refuse to wear the jumpsuit, but he did exchange vulgarities with Defendant and other officers and threatened to file complaints against them.  (Id. ¶¶11-13, 15, 29-33.)  Plaintiff denies that he threatened to kill Defendant or Defendant's family, but asserts that officers told him they had instructed Defendant to author a Rules Violation Report accusing Plaintiff of such threats.  (Id. ¶43, 44.)

Plaintiff requests the Court take judicial notice of five items:   (1) findings and recommendations issued on May 15, 2014 in Benyamini v. Swett, et al., Case no. 2:13-cv-735-KJM-EFB-P, in which the Court recommended that the motion to declare plaintiff Benyamini a vexatious litigant and require a security be denied; (2) findings and recommendations issued on May 29, 2014 in Goolsby v. Gonzalez, et al., Case no. 1:11-cv-00394-LJO-GSA-PC, in which the Court recommended that the motion to declare plaintiff Goolsby a vexatious litigant and require a security be denied; (3) declaration of inmate Maurice Robinson, dated September 16, 2009; (4) declaration of inmate Sam Drake, dated August 18, 2015; and (5) physical therapy evaluation of Plaintiff's wrist/hand, dated December 16, 2015.  (ECF Nos. 105, 107.)

The Court shall grant Plaintiff's request to take judicial notice of the findings and recommendations from two prior cases.[4]   However, Plaintiff is advised that the Court is not bound by findings and recommendations issued in other district court cases, and the Court shall decide the motion in this case based on the facts and law applicable to this case.

The Court shall deny Plaintiff's request to take judicial notice of the inmate declarations and medical record.[5]   However, while the Court finds these items inappropriate for judicial notice, the Court shall accept these items as evidence submitted by Plaintiff in support of his opposition to Defendant's motion for an order requiring security.

In his declaration dated September 16, 2009, inmate Maurice Robinson identifies himself as Plaintiff's cell mate and declares that he was present when defendant Patterson handcuffed Plaintiff to escort him to his disciplinary hearing and when Plaintiff was returned to the cell after the hearing.  (ECF No. 107 at 3-5.)  Robinson declares that he heard Defendant click the handcuffs closed on Plaintiff's wrists, heard Plaintiff say "Damn, the cuffs are on too tight can you loosen them," and then heard Defendant say "Turn around and shut the f**k up." (Id. at 4:15-19.)  Robinson declares that he again heard Plaintiff tell Defendant the cuffs were too tight, hurting, and cutting off his circulation, then ask for the handcuffs to be loosened, which Defendant refused.  (Id. at 4:19-25.)  Robinson also declares that when Plaintiff was returned to the cell, "both of his hands and wrists were swollen and his right wrist had a cut on it causing blood to drop on our cell floor, [and Plaintiff's] right palm and fingers were a purplish color."  (Id. at 4:17-20.)

---

[4] As discussed above at page 5, n.2, "The court may take judicial notice of its own records in other cases," Wilson, 631 F.2d at 119.  Therefore the Court finds the findings and recommendations appropriate for judicial notice.

[5] Plaintiff submits declarations of two inmates, Maurice Robinson and Sam Drake, and a copy of Plaintiff's medical record dated December 16, 2015 which reports that Plaintiff "states handcuffed tightly on 9/16/2009 and cut into [his right] wrist, has had intermittent numbness and pain since."  (ECF No. 107 at 7, 8.) Defendant opposes Plaintiff's request for judicial notice of these documents, on the ground that they are subject to reasonable dispute because they are not capable of immediate and accurate verification through reliable sources. (ECF No. 108.)  The Court concurs and finds that these documents are not subject to judicial notice because they are not facts generally known within the trial court's territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201.  Therefore, Plaintiff's request for judicial notice of the inmate declarations and Plaintiff's medical record is denied.

In his declaration dated August 18, 2015, inmate Sam Drake declares that on August 18, 2015, defendant Patterson approached him in the law library and stated, "Pull up your jumpsuit all the way, I already have one motherf***er suing me for making him put a jumpsuit on and putting my handcuffs on his wrists so tight he whined like a bit** while the Lieutenant was loosening them up."  (Drake Decl., ECF No. 107 at 6-7.)  Plaintiff and Defendant then had a conversation in which Patterson threatened to keep Plaintiff in the SHU if he did not drop his lawsuit, and Plaintiff threatened to file a complaint against Defendant for his threat.  (Id. at 7:4-15.)

**D.    Discussion**

With respect to the finding of a vexatious litigant, the Court reiterates that the focus is on the number of suits that were *frivolous or harassing* in nature, rather than on the number of suits that were simply adversely decided.  See De Long, 912 F.2d at 1147-48 (emphasis added). Even under California case law:

> "Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute.  The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts."

Morton v. Wagner, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007).  The Ninth Circuit has held that "[a] complaint filed by a prisoner proceeding *in forma pauperis* is frivolous where it lacks an arguable basis either in law or fact."  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**1.    Vexatious Litigant**

There is no dispute that Plaintiff filed at least twenty-three unsuccessful cases in state and federal courts from April 2006 to June 2015.[6]  (ECF Nos. 68-2 at 2-6, 96 at 11:2-5.) Plaintiff concedes that none of the cases were decided in his favor, and that he is a vexatious

---

[6] The district court is entitled to consider Plaintiff's pattern of state court litigation, "as district courts enjoin future litigation out of concern for the affected parties, as well as out of concern for the courts themselves."  Ringgold-Lockhart, 761 F.3d at 1066-67.

litigant under California law.  (ECF No. 96 at 11:3.)   There is also no dispute that Plaintiff was ordered to pay security in at least four cases due to vexatious behavior.  (ECF Nos. 68-2 at 6, and Exhs. L, U, V, W.)

While the Court finds Plaintiff to be litigious, this alone does not make him a harassing or abusive litigant.  The Court has reviewed the twenty-three cases identified by Defendant and finds that Plaintiff brought a variety of claims during a six-year period, including retaliation, adverse conditions of confinement, excessive force, discrimination, and inadequate medical care.   The named defendants, events, and claims vary over time from case to case, although Plaintiff did name some of the same defendants in more than one case.   Under this record, Plaintiff cannot be declared vexatious for bringing the *same* unmeritorious claims in multiple cases.

However, as noted above, Plaintiff failed to succeed in any of the twenty-three cases. Three of the cases were finally dismissed by Courts on the merits:  two cases were finally dismissed in federal court for failure to state a claim, (ECF No. 68-2, Exhs. L, M), and one case was dismissed by the Ninth Circuit Court of Appeals as an insubstantial appeal (Id., Exh. N). Five cases ended in summary judgment in favor of the defendants.  (Id., Exhs. E, F, I, J, R.) Three state court cases were dismissed because Plaintiff was found vexatious and failed to pay security.  (Id., Exhs. U, V, W.)  The remaining twelve cases were either dismissed on other grounds, or voluntarily dismissed or abandoned by Plaintiff before a final decision on the merits.

Plaintiff's pattern of voluntarily dismissing or abandoning cases before a final decision on the merits is particularly troubling.   Of the twenty-three cases examined by the Court, Plaintiff voluntarily dismissed eight and abandoned two, in various stages of the proceedings. (Id., Exhs. A, B, C D, K, O, P, Q, S, T.)   Together, these ten cases proceeded for more than twenty-one years, each abruptly ending without a final decision on the merits.  Plaintiff has not addressed his voluntarily dismissals, abandoned cases, or his motives in pursuing litigation, but such actions cause needless expense to other parties and pose an unnecessary burden on the Courts and their personnel, which the Court finds to be harassing.  Ringgold-Lockhart, 761

F.3d at 1062.   By this behavior, Plaintiff has caused other parties and their counsel to needlessly spend time, effort, and expense conducting discovery and moving for summary judgment in multiple cases that Plaintiff abruptly abandoned without explanation.   Plaintiff also shows a pattern of failing to respond timely to discovery requests and Court orders in the course of litigation, and dismissing cases when faced with a motion for summary judgment or the Court's finding that his complaint lacks merit.   Such behavior is contrary to good faith litigation.

Overall, based on the foregoing, the Court finds that Plaintiff's behavior constitutes sufficient harassment, annoyance, and abusive litigation for the Court to declare him a vexatious litigant.

### 2.   <u>Reasonable Probability of Prevailing</u>

To require Plaintiff to post security before proceeding further with this case, the Court must also find that Plaintiff does not have a reasonable chance of prevailing in this case.   Cal. Civ. Proc. Code § 391.3.   In making this determination, the Court performs an evaluative function and is required to weigh the evidence; it does not assume the truth of Plaintiff's allegations.   <u>Moran v. Murtaugh Miller Meyer & Nelson, LLP</u>, 40 Cal.4th 780, 784-86 (2007); <u>Golin v. Allenby</u>, 190 Cal.App.4th 616, 635 (Cal. Ct. App. 2010).

The standard for deciding whether Plaintiff has a reasonable chance of prevailing is not the same as the standard for deciding when summary judgment should be granted.   As noted above, under the "reasonable chance" standard, the truth of Plaintiff's allegations is not assumed when the Court weighs the evidence.   <u>Moran</u>, 40 Cal.4th at 784-86.   The contention that permitting a trial court to weigh the evidence denies a vexatious litigant his right to a jury trial lacks merit, because a section 391.1 motion does not terminate an action.   <u>Id.</u> at 786.   "To the contrary, section 391.2 expressly states: 'No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof.'   The grant of a section 391.1 motion does not preclude a trial; it merely requires a plaintiff to post security."   <u>Id.</u>

This action is proceeding on Plaintiff's excessive force claim against defendant P. Patterson, for applying Plaintiff's handcuffs too tightly.   The core judicial inquiry in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

The Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries.  Id. at 7; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.  "[T]he extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary" in a particular situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Id. at 7 (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted).

Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Hudson, 503 U.S. at 6.  Both situations may require prison officials to act quickly and decisively.  Id.  Likewise, both implicate the principle that "'[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"  Id. (citing Whitley, 475 U.S. at 321–322 (quoting Bell v. Wolfish, 441

U.S. 520, 547 (1979)).

"[O]verly tight handcuffing can constitute excessive force." Wall v. Cnty of Orange, 364 F.3 1107, 1112 (9th Cir. 2004) (Fourth Amendment claim). "The Ninth Circuit has held that excessively tight handcuffing can constitute [excessive force], but only where a plaintiff claims to have been demonstrably injured by the handcuffs or where complaints about the handcuffs being too tight were ignored." Cf. Dillman v. Tuolumne County, 2013 WL 1907379 at *8 (E.D.Cal.2013) (citing Wall, 364 F.3d at 1109–12) (arrestee suffered nerve damage as a result of continued restraint in tight handcuffs); LaLonde v. County of Riverside, 204 F.3d 947, 952, 960 (9th Cir. 2000) (arrestee complained to officer who refused to loosen handcuffs); Palmer v. Sanderson, 9 F.3d 1433, 1434–36 (9th Cir.1993) (arrestee's wrists were discolored and officer ignored his complaint), with Hupp v. City of Walnut Creek, 389 F.Supp.2d 1229, 1233 (N.D.Cal.2005) (denying summary judgment in the absence of "evidence of a physical manifestation of injury or of a complaint about tight handcuffs that was ignored"); Burchett v. Kiefer, 310 F.3d 937, 945 (6th Cir. 2002) (refusing to find a constitutional violation where officers immediately acted after arrestee complained that handcuffs were too tight).

**Discussion**

Following these guidelines, the Court finds that Plaintiff has failed to demonstrate that he has a reasonable probability of succeeding in this action.

Undisputed evidence shows that defendant Patterson applied the handcuffs to escort Plaintiff, who was housed in the security unit, to a disciplinary hearing for battery on another inmate. Plaintiff and Defendant differ as to whether Plaintiff sustained significant injuries. Plaintiff's evidence of his injuries consists primarily of his own assertions and the assertions of his cell mate, that Plaintiff's right wrist was extremely swollen, there was a 1/8-inch cut on his right wrist that was bleeding, and his right hand and fingers were a purplish color. (ECF No. 97 ¶¶45, 49, 52; ECF No. 107 at 5:18-20.) The medical record of December 11, 2016 submitted by Plaintiff reports Plaintiff's subjective impressions of continuing pain and numbness and shows that three months after the injury there was a small scar on Plaintiff's right wrist and no swelling. (ECF No. 107 at 8.)

Defendant's evidence, consisting of Plaintiff's medical records, the declaration of Defendant's expert Dr. Barnett who examined Plaintiff's medical records, and the report from the nurse who initially examined Plaintiff, reflect no records of substantial or lasting injury resulting from being handcuffed on September 16, 2009.  (ECF Nos. 68-30, 68-31.)  However, evidence of a *de minimus* injury is only one factor in the Court's analysis.  Thus, Defendant's evidence that Plaintiff's injury was *de minimus*, without more, is not enough to defeat Plaintiff's excessive force claim.

Plaintiff and Defendant disagree about the degree to which Plaintiff resisted being cuffed, whether Plaintiff made serious threats to Defendant during the escort, and whether Plaintiff refused to let Defendant remove the handcuffs when Plaintiff complained.  However, there is no dispute that Plaintiff delayed the escort to his disciplinary hearing by initially refusing to comply with Defendant's order to put on a jumpsuit, exchanged profanity and vulgarities with Defendant and others, and threatened to file complaints against Defendant and another officer.  Defendant testifies that Plaintiff resisted being handcuffed.  Plaintiff has not opposed Defendant's argument that there is a generally inherent danger in escorting SHU inmates, such as Plaintiff, in a maximum security housing unit used for extremely dangerous inmates, who pose a danger to the rest of the prison population.

The facts as alleged and the reasonable inferences that flow from them do not indicate that defendant Patterson subjected Plaintiff to tight handcuffs capriciously.  Therefore, the Court finds that Plaintiff lacks a reasonable probability of succeeding with his contention that force was applied to him in a malicious and sadistic manner, and not in a good-faith effort to maintain or restore discipline.  Even if Plaintiff were to prove that he sustained the injury and pain he describes -- a cut on his hand that dripped blood on the cell floor, and serious pain requiring medication -- and still suffers from pain and numbness in his hand as a result of handcuffing by Defendant, the Court finds no reasonable probability that Plaintiff would prevail in this litigation against Defendant.

///

///

### 3.   Amount of Security

Defendant Patterson requests that Plaintiff be required to post security in the amount of at least $7,905.00 before this action is permitted to proceed further. The figure of $7,905.00 is based on defense counsel's hourly rate of $170.00 times the 46.5 hours expended in researching, investigating, and preparing the instant motion.   (Declaration of David C. Goodwin, ECF No. 68-34 ¶4.)  This estimate does not include paralegal and secretarial time, or preparation of a reply to Plaintiff's opposition.  (Id.)  Plaintiff did not respond to this argument.

"'Security' means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." Cal.Civ.Proc.Code § 391(c). The Court agrees with defendant Patterson's characterization of $7,905.00, which is supported by evidence, as a conservative estimate of the amount expended to date.  Moran, 40 Cal.4th at 786, 55 Cal.Rptr.3d 112, 152 P.3d 416; McColm v. Westwood Park Ass'n, 62 Cal.App.4th 1211, 1218–19, 73 Cal.Rptr.2d 288 (Cal.Ct.App.1998) ($1,000.00 security amount sought did not require evidentiary support); Devereaux v. Latham & Watkins, 32 Cal.App.4th 1571, 1587–88, 38 Cal.Rptr.2d 849 (Cal.Ct.App.1995) (security sought in the amount of $25,000.00 was supported by evidence); see also Singh v. Lipworth, 132 Cal.App.4th 40, 45–8, 33 Cal.Rptr.3d 178 (Cal.Ct.App.2005). (ECF No. 68-34, Goodwin Decl. ¶¶2-4.)  Moreover, although Plaintiff is proceeding in forma pauperis, that status is not a barrier to an order to furnish security.  Moran, 40 Cal.4th at 786, 55 Cal.Rptr.3d 112, 152 P.3d 416; McColm, 62 Cal.App.4th at 1218–19, 73 Cal.Rptr.2d 288; Devereaux, 32 Cal.App.4th at 1587–88, 38 Cal.Rptr.2d 849 (security in the amount of $25,000.00, supported by evidence). Accordingly, the Court recommends that Plaintiff be ordered to furnish security in the amount of $7,905.00 before this action proceeds further.

///

///

///

**IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS**

Based on the foregoing, the Court finds that Plaintiff is a vexatious litigant, and that there is a reasonable probability that Plaintiff will not prevail in this action.  Therefore, Plaintiff should be required to post security in the amount of $7,905.00, for attorney fees incurred by the State of California for preparation of this motion.  If Plaintiff fails to timely post security, this case should be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendant's motion for stay, filed on February 2, 2016, be GRANTED; and

2.      Defendant's obligation to reply to Plaintiff's opposition to summary judgment be stayed until ten days after the required security has been posted and Defendant has been given written notice thereof, or from the date the District Court declines to adopt these findings and recommendations.

Further, **IT IS HEREBY RECOMMENDED** that:

1.      Defendant's motion for an order requiring security from a vexatious litigant, filed on August 13, 2015, be GRANTED;

2.      Plaintiff be declared a vexatious litigant under the provisions of Title 3A, part 2, of the California Code of Civil Procedure, adopted by this Court pursuant to Local Rule 151(b); and

3.      Plaintiff be required to post security in the amount of $7,905.00, within thirty days.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the

///

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 24, 2016**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE